No. 24,516.

WILSON POULTRY AND EGG COMPANY, *Appellee*, v. MISSOURI PACIFIC RAILROAD COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

INTERSTATE SHIPMENT OF EGGS—*Damages—Reconditioning.* In an action for damages on account of injuries to eggs in the course of interstate shipments the evidence is held to support the allowance made for reconditioning.

Appeal from Atchison district court; WILLIAM A. JACKSON, judge. Opinion filed June 9, 1923. Affirmed.

*W. P. Waggener,* and *J. M. Challis,* both of Atchison, for the appellant.
*C. D. Walker,* of Atchison, for the Appellee.

The opinion of the court was delivered by

MASON, J.: The Wilson Poultry and Egg Company shipped four cars of eggs from Atchison, one going to New York and the others to Chicago. It sued the Missouri Pacific Railroad Company for damages incurred in transit and recovered a judgment for $667.93. The defendant appeals, attacking, however, only items amounting to $223.52, allowed for the expense of re-conditioning the eggs before they could be sold. The tariffs established by the interstate commerce commission applicable to these shipments provide that "in case of carrier's liability, actual and necessary charges incurred for labor and material in re-conditioning the damaged cases and contents showing damage shall be borne by the carrier," but that "no expense incurred by consignee in the ascertainment of damage will be allowed." The principal contention of the defendant is that the evidence did not show that all of the $223.52 had been spent under the first clause above quoted, but that a part of it was expended under the second, and that it is impossible to tell how much of the labor and material paid for was used in re-conditioning and how much in ascertaining the damage.

Portions of the evidence considered alone tend to give color to this claim, but taken altogether we think it supports the findings of the trial court. In the case of the Chicago shipments it was shown that the amount of damage was arrived at by a joint examination participated in by the consignee and the Western Weighing and Inspection Bureau, not involving the labor or material covered by the $223.52 charge. With respect to the New York shipment, consisting of 450 cases of 30 dozen each, 200 of which were repacked, there was testimony that every egg in every case found in bad order had to be handled; that the conditions discovered required the re-conditioning of the shipment; that if the total damaged eggs amounted to 680 dozen it was necessary to pack 200 cases in order to protect the good eggs from the bad, although only about 23 cases were injured, because the damage would be distributed among the 200 cases.

The defendant also contends that there was no evidence to show that the amounts paid for labor in re-conditioning was reasonable. With regard to the New York shipment the charge for repacking was at the rate of 20 cents a case, and there was testimony that this was less than a fair price. The labor at Chicago was paid for at $1.25 an hour and there was no evidence of this being the customary rate. There is no reason to suppose that this technical omission worked any serious prejudice, and we do not regard it as justifying a reversal.

The judgment is affirmed.